In re LEHIGH LUMBER CO. et al.

(District Court, W. D. Pennsylvania. February 13, 1900.)

No. 304.

BANKRUPTCY—PARTNERSHIP AND INDIVIDUAL DEBTS—PREFERENCES.

A creditor of a firm, holding their promissory note for money loaned, surrendered the same, and accepted in lieu thereof the individual note of a member of the firm for the same amount; the assumption of the debt by that partner being part of the consideration for the purchase of an interest in the firm for her son-in-law. The latter note was twice renewed, and was finally reduced to a judgment against the maker. Within four months thereafter the partnership and its members became bankrupt. *Held*, that the debt was that of the individual partner, not of the firm, notwithstanding the fact that the interest on the new note had always been paid by the firm, and that, since the firm creditors could not come upon the individual assets of that partner in competition with her individual creditors, the former had no standing to object to the judgment as a preference under the bankruptcy act, or to restrain the creditor from its enforcement.

In Bankruptcy. On petition of certain creditors of the bankrupt firm to restrain the enforcement of a judgment against one of the bankrupts.

R. B. Ivory, for Lehigh Lumber Co.

Thomas B. Alcorn, for judgment creditor and Florence A. Hylton, bankrupt.

BUFFINGTON, District Judge. On April 21, 1899, Palen & Burns and other creditors of the Lehigh Lumber Company, a partnership lately composed of Florence A. Hylton and W. V. Larkin, then lately deceased, filed a petition in bankruptcy in this court against the said firm and Florence A. Hylton. After due notice both the firm and

Florence A. Hylton were adjudged bankrupts. On the 2d day of May, 1899, Palen & Burns presented a petition in this court, setting forth that on the 1st day of March, 1899, judgment was entered in the court of common pleas of Luzerne county against Florence A. Hylton in favor of Ellen F. Hayden for $10,000 on a note dated the 3d day of January, 1899; alleging that said note constituted the giving of a preference, in violation of subdivision "a" of section 60 of the bankruptcy act, and that the effect of the enforcement of such judgment would be to enable Ellen F. Hayden, as a creditor of Florence A. Hylton, to obtain a greater percentage of her claim than any other of her creditors of the same class. Testimony was taken, and, from an examination of it and the argument of counsel, the contention of the parties may be thus stated: The Lehigh Lumber Company was a partnership composed of Florence A. Hylton and William V. Larkin since December, 1897. William V. Larkin died February 15, 1899, and Palen & Burns were creditors of said firm. They contended that Ellen F. Hayden was also a creditor of the Lehigh Lumber Company to the extent of $10,000; that Florence A. Hylton, as a member of the firm, was individually liable for the partnership debt owing to them by the Lehigh Lumber Company, and also individually liable for the alleged partnership debt owing to Ellen F. Hayden by the Lehigh Lumber Company; that the Lehigh Lumber Company was insolvent, and that, in order to give an undue preference to Ellen F. Hayden, the said Florence A. Hylton gave her individual note for said indebtedness; and that thereby, and by suffering it to be entered as a judgment and become a lien upon her individual real estate, she has enabled Mrs. Hayden to obtain a greater percentage of her debt than the petitioner or any other of such creditors of Florence A. Hylton of the same class. On the other hand, it is contended by Ellen F. Hayden that the $10,000 debt represented by this judgment is not a debt of the Lehigh Lumber Company, but is the individual debt of Florence A. Hylton, and that Palen & Burns, being firm creditors, and not individual creditors of Florence A. Hylton, are not injured by the entry of this judgment. Since subdivision "f" of section 5 of the bankruptcy act provides that "the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the proceeds of the individual estate of each partner to the payment of his individual debts," the case therefore turns on the question of fact, whether the debt of Ellen F. Hayden is a firm or individual one.

We have carefully examined the testimony, and find the facts as follows: In 1895 W. V. Larkin and J. C. Hayden were partners doing business as the Lehigh Lumber Company. Larkin was a son-in-law of Mrs. Florence A. Hylton, and Hayden the husband of Mrs. Ellen F. Hayden. On June 28, 1895, Mrs. Hayden loaned that firm $10,000; receiving from it its note for that sum, at one day. This partnership continued until December, 1897, when negotiations were begun looking to the purchase by W. V. Larkin of the interest of J. C. Hayden for $20,000 (which was to include payment of Mrs. Hayden's note), and Larkin to assume the debts. This agreement was evidenced by papers dated January 1, 1898, which were not signed,

by reason of the inability of Larkin or his mother-in-law, Mrs. Hylton, who was furnishing the funds for him, to pay the said sum. The evidence shows that the original agreement was modified so that $10,000 should be paid to Hayden, and that Mrs. Hylton should assume payment individually, by her note for $10,000, of the money then owing to Mrs. Ellen F. Hayden by the Lehigh Lumber Company. We find from the evidence in the case that in point of fact Mrs. Ellen F. Hayden surrendered to Mr. Larkin, for the Lehigh Lumber Company, the note of that company for $10,000, and in return therefor received Mrs. Hylton's individual note, dated some time in January, 1898. This note of January, 1898, was in July surrendered, and a renewal note then given her by Mrs. Hylton; and in January, 1899, the note of July was again surrendered for a renewal note of Mrs. Hylton, upon which the judgment now in question was entered. The only evidence which controverts these facts is that, after the surrender of the note of the Lehigh Lumber Company by Mrs. Hayden, the interest upon the Hylton note was paid by checks of the Lehigh Lumber Company. From that fact it is urged that she never surrendered her claim against the Lehigh Lumber Company, and that that company continued to pay her interest upon its own indebtedness. There is no evidence whatever that, after the assumption of the debt of the Lehigh Lumber Company by Mrs. Hylton, that company ever paid her the $10,000 represented by her assumption. It is therefore clear, as between her and the Lehigh Lumber Company, that, having allowed the $10,000 assumed by her to remain in possession of and be used by that company, it should continue to pay the interest which she was bound to pay Mrs. Hayden. Indeed, this was but the natural course to follow; and such would seem to have been the one pursued by Mr. Larkin, who was the sole manager and controller of the affairs of the firm. But this was a matter that concerned the partners alone, and could not, under the circumstances, bind or affect Mrs. Hayden. She was only interested in receiving the interest on her loan, and whether it came from the lumber company or not was no concern of hers.. That these interest payments were so made may have afforded some ground for creditors of the Lehigh Lumber Company supposing the debt was that of the firm; but we think the testimony has fully explained the matter, and shows conclusively that the debt is the individual one of Mrs. Hylton. The assumption was made six months before the passage of the bankruptcy law, and, of course, was not made with a view of eluding its provisions. At the time the original note of Mrs. Hylton was given, Mrs. Hayden's husband, who was individually liable for the firm loan, was retiring, and it was the most natural thing for Mrs. Hayden to require an individual judgment note from Mrs. Hylton. After full consideration, we are of opinion that Mrs. Hayden in January, 1898, ceased to be a creditor of the firm, and the note in question is for the individual debt of Mrs. Hylton. Whether the judgment is valid as against her individual creditors is a question not before us, and not decided, but it is clear that the rights of the creditors of the firm are not affected by its entry. The petition of Palen & Burns will therefore be dismissed at their costs.